Chief Justice Robertson
delivered the Opinion of the Court.
Upon an issue on a plea of non est factum, filed by Shirley alone, to a petition and summons op, a negotiable note, purporting to have been' executed by “ Z. M. Shirley, & Co.” there being positive and uncontradicted evidence of the fact that he had authorized his partner, Harvey Frink, to execute the note in the name of the firm, for money previously advanced to Frink — Shirley seemed to rely in his defence, on the trial, upon facts conducing, as he insisted, to show that Frink had ob *309 iained the loan on his own individual credit, and had applied it to his own separate use, without his (Shirley’s) knowledge or authority; and that, therefore, as to himself — ignorant of those facts when he authorized the execution of the note, it was not obligatory, either in consequence of fraud, or mistake, or want of consideration.
And the jury having found a verdict for Shirley, the Circuit Court overruled a motion for a new trial, and rendered judgment in bar of the action as to him, and a judgment by default against his co-partner and co-defendant, Frink; from which judgment in bar, the plaintiff .in the action appealed: it being agreed on the record, that during the pendency of the appeal, no execution should, issue on the judgment against Frink.
Whatever a jury might have been authorized to infer as to mistake, or fraud, or want of consideration, yet the actual execution of the note being indisputably proved, there was no foundation for the verdict on the only issue which was tried.
Proof of fraud in the execution of the note, would have been admissible under the plea of non est factum; but fraud in the consideration merely, was totally irrelevant and unavailable under such a plea. Did Shirley execute the note? Was he, at the time, sui juris? Is it just such a note as he intended to execute and believed he was authorizing Frink to execute? These were the questions involved in the issue on the plea of non est factum. But though he may have been induced by mistake, or even by fraudulent misrepresentations to believe, erroneously, that he was 'liable for the money loaned to Frink — that fact, however available it might be in a court of equity, or under a plea impeaching the consideration, did not show either that the note was not signed by Shirley or by his authority, or that it was not such a note as he intended to have executed; and therefore, the facts relied on were not admissible under the plea of non est factum. Vormon vs. Phelps, (2 Johns. Rep. 177;) Dorr vs. Munsell, (13 Ib. 431;) Taylor vs. King, (6 Munf.Rep. 365;) Mease vs. Mease, (Cow. 47;) Wyche vs. Macklin, (2 Randolph's Rep. 426.)
Judgment reversed, and cause remanded. for a new trial.